141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
U.S. of A., ex rel, ESILUX CORPORATION, Plaintiff-Appellant,
v.
PACIFIC SAFETY INDUSTRY; Garry V. Soubry, Defe
ndants-Cross-Defendants-Appellee,
Smiland Paint Co., Defendant-Cross-Claimant-Appellee.
 No. 97-15147.
DC No. CV-93-02119-WHO.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted February 11, 1998.
Decided April 6, 1998.
 
 Appeal from the United States District Court for the Northern District of California, William H. Orrick, Jr., District Judge, Presiding.
 Before SCHROEDER, FARRIS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is a qui tam action under the False Claims Act (FCA), 31 U.S .C. §§ 3729-3733 (1988). The relator, Esilux Corporation, appeals the district court's summary judgment dismissal of its suit claiming Smiland Paint Company falsely certified that its photoluminescent paint met the requirements under the contract between the U.S. Navy and prime contractor Pacific Safety Industry (PSI).
 
 
 3
 Appellees initially contend that the district court lacked jurisdiction because at the time this complaint was filed, two actions, in which the government was a party, were already pending in the Federal Claims Court involving similar allegations, in which the government could litigate this claim. See 31 U.S.C. § 3730(e)(3). The allegations in the first action, a claim by PSI against the United States, however, did not involve materially similar allegations. It dealt with events that occurred before Smiland became a manufacturer. The second claim, filed by Esilux against the United States, was dismissed because it appeared that the Claims Court lacked jurisdiction, and the litigation could not proceed in that forum. Therefore, we conclude that there is no jurisdictional bar to raising the issues in district court.
 
 
 4
 On the merits, we agree with the district court that there was no issue of material fact. The evidence shows that the Navy approved the manufacturing procedures and many batches of the paint itself. Although Esilux has furnished evidence that some batches of the paint may not have met all the contract requirements, there is no evidence of any knowing false certification by Smiland. Summary judgment was proper.
 
 
 5
 In its motion for reconsideration, Esilux produced evidence that Smiland's president admitted that Smiland conducted no photoluminosity testing, and that the company that did the first article testing for the Navy had been suspended for supplying false information when the Navy relied on its report in connection with Smiland Paint. There was, however, no evidence that the company submitted any false information regarding the Smiland Paint, much less that Smiland itself knowingly submitted any false certifications. Moreover, there is no showing that the evidence submitted was unavailable to Esilux before it filed its original summary judgment papers.
 
 
 6
 The Federal Rule of Civil Procedure 60(b) motion sought only to show that some of the evidence submitted in the motion for reconsideration could not have been submitted earlier. It provided no basis for the district court to vacate its earlier summary judgment
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3